(163 App. Div. 810)

KINNER et al. v. CORNING.　(No. 135–50.)

(Supreme Court, Appellate Division, Third Department.　September 9, 1914.)

GIFTS (§ 49*)—INTER VIVOS—INTENT—EVIDENCE.

 Evidence in an action to avoid the gift by deceased, in her last illness, to defendant, her sister, in whose control she was, the family of their brother, with whom they were stopping, being excluded, of all her money and property, *held* insufficient to satisfy defendant's burden of establishing that the check and bill of sale were deceased's free act, and that she intended to give all her property to defendant; evidence of her formal execution of the papers not being enough.

 [Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

 Lyon and Howard, JJ., dissenting.

Appeal from Trial Term, Washington County.

Action by Joseph P. Kinner and another, administrators of Lucy A. Johnson, deceased, against Clarissa P. Corning. From a judg-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment on a decision of the court for defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and LYON, WOODWARD, HOWARD, and KELLOGG, JJ.

Bratt & Van Wormer, of Argyle (Fred A. Bratt, of Argyle, of counsel), for appellants.

Rogers & Sawyer, of Hudson Falls (J. E. Sawyer, of Hudson Falls, of counsel), for respondent.

JOHN M. KELLOGG, J. Mrs. Johnson had lived on the old homestead at Whitehall, N. Y., with her brother, for many years and as a member of his family. For about the last two years of her life she lived alone in a part of his house, receiving much assistance from his family. She had $1,700 in the bank, and some household furniture, and apparently notes of a small amount against her brother. In the fall of 1911 the defendant, her sister, who lived in Nebraska, came to Whitehall, and soon after began to take care of Mrs. Johnson, and showed an intense animosity against her brother and his family. Mrs. Johnson became sick about February 1st and was very feeble, and the defendant did not want the brother or his family in her room, and the doctor advised them, in order to save trouble with the defendant, to keep out of her room. After February 1st Mrs. Johnson only answered questions asked her, and was not able to engage in any conversation, was gradually growing weaker, and died on February 25th. She had apparently lived on good terms with her brother and family, but while visiting a neighbor, at a time when she was unwell and shortly before she entered upon her last sickness, she offered him all of her property if he would take care of her, and made the same offer to her niece, Mrs. Balch. On February 7th the defendant sent for a lawyer. He came to the house with a neighbor, Mrs. O'Rourke, and received instructions from the defendant and prepared a check for all of the money in the bank and a bill of sale of the household furniture, without any directions from or conversations with Mrs. Johnson. They then went into the room where she was. Some one said that they must talk low, so that the brother's family in the adjoining room would not hear them. The nurse raised Mrs. Johnson up in bed, sitting behind her to hold her up. The lawyer, as he says, presented the check to her, telling her it was a check for all of the money in the bank to the defendant, and she signed it, and that she signed the bill of sale. The nurse, who was supporting her in the bed, did not hear the conversation because it was so low, and did not hear the papers read. There is no other evidence in the case that Mrs. Johnson knew that she was giving to the defendant all her property. She was in the defendant's control. The family was excluded by the defendant from seeing her, and it rests with the defendant to establish by affirmative evidence that the check and bill of sale was the free act of Mrs. Johnson and that she intended to give all her property to the defendant. There is no evidence of any agreement that she should do so. The services rendered by the defendant were not large, and the evidence that Mrs. Johnson

knew and appreciated the act that she was doing and intended to give all her property to the defendant is not satisfactory. The defendant was required to prove more than a formal execution of the papers. The instructions were the defendant's, and the only evidence that Mrs. Johnson appreciated and understood her act is the fact that she signed the papers. It is not clear but that she would have done anything that the defendant asked her to do. Before the 7th the defendant asked the doctor, if Mrs. Johnson made a will, whether it would hold, and he told her he did not know, that the proper thing for her to do was to have an attorney come and draw up the legal form if she chose to made a will. I favor a reversal.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur, except LYON and HOWARD, JJ., who dissent.

The sixth, seventh, eighth, and ninth findings of fact are disapproved of.